# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-0478V

|   |   |
|---|---|
| ROYANN MATSEL, as Wife and as Representative of ESTATE OF DAVID MATSEL,<br><br>                  Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                  Respondent. | Chief Special Master Corcoran<br><br>Filed: August 30, 2023 |

*Mark Paul Schloegel, Popham Law Firm, Kansas City, MO,* for Petitioner.

*Kimberly Shubert Davey, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION AWARDING DAMAGES[1]

On April 28, 2022, Royann Matsel, as wife and representative of the Estate of David Matsel, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that David Matsel suffered Guillain-Barre Syndrome ("GBS"), resulting in his death, as a result of an influenza vaccine received on September 15, 2020. Petition at 1. Petitioner further alleges the vaccine was administered in the United States, Mr. Matsel died as a result of complications from GBS, and neither Petitioner, nor Mr. Matsel or any other party, has ever filed an action, or received compensation, for Mr. Matsel's vaccine-

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

related injury. Petition at ¶¶ 3, 17, 19, 20. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On March 31, 2023, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS and resulting death. On August 30, 2023, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $386,675.00. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner <u>a lump sum payment of $386,675.00</u>, in the form of a check payable to Royann Matsel, as personal representative of the Estate of David Matsel; which is comprised of the following:**

  A. **A lump sum payment of $250,000.00, which represents compensation for the statutory benefit for a vaccine-related death;**
  B. **A lump sum payment of $135,000.00, which represents compensation for past pain and suffering; and**
  C. **A lump sum payment of $1,675.00 for past unreimbursable expenses related to David Matsel's vaccine-related injury.**

These amounts represent compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u><br>
Brian H. Corcoran<br>
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| ROYANN MATSEL as wife and the representative of the Estate of David Matsel, | ) ) ) ) ) |
| Petitioner, | ) ) |
| v. | ) ) ) | 
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) |
| Respondent. | ) ) ) |

No. 22-478V
Chief Special Master Corcoran (SPU)
ECF

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On April 28, 2022, Royann Matsel, as personal representative of the Estate of David Matsel,[1] filed a petition stating that David Matsel developed Guillain-Barré syndrome ("GBS"), a Vaccine Table Injury, within the Table time frame following administration of a flu vaccine on September 15, 2020. Petitioner also alleged that David Matsel's death is a sequelae of his GBS.

On March 31, 2023, respondent filed a Rule 4(c) Report, conceding that petitioner's claim meets the Table criteria for a GBS injury, and that his death was related to his GBS. ECF No. 22. The Court subsequently issued a Ruling on Entitlement finding petitioner entitled to compensation under the Vaccine Act. ECF No. 23.

---

[1] Petitioner filed documentation on May 2, 2022, establishing that on February 2, 2022, she was appointed personal representative of David Matsel's Estate under the laws of the State of Missouri. *See* Exhibit 6. All references to petitioner herein refer solely to Royann Matsel in her representative capacity as the personal representative of the Estate of David Matsel.

I.    **Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded the following, and requests that the Chief Special Master's decision and the Court's judgment award:

    a. a lump sum payment of **$250,000.00**, which represents compensation for the statutory benefit for a vaccine-related death,

    b. a lump sum payment of **$135,000.00**, which represents compensation for past pain and suffering, and

    c. a lump sum payment of **$1,675.00** for past unreimbursable expenses related to David Matsel's vaccine-related injury.

These amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a)(2), (a)(4), and (a)(1)(B).[2]  Petitioner agrees.

II.    **Form of the Award**

Respondent recommends that petitioner be awarded a lump sum payment of **$386,675.00**, in the form of a check payable to petitioner, Royann Matsel, as personal representative of the Estate of David Matsel.[3]  Petitioner agrees.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

---

[2] This Proffer does not include attorneys' fees and costs, which the parties intend to address after a Damages Decision is issued.

[3] If for some reason petitioner is not authorized by a court of competent jurisdiction to serve as the personal representative of the Estate of David Matsel at the time a payment pursuant to this Proffer is to be made, then any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as personal representative of the Estate of David Matsel upon submission of written documentation of such appointment to the Secretary.

2

3

        HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division

*/s/ Kimberly S. Davey*
KIMBERLY S. DAVEY
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 307-1815
Kimberly.Davey@usdoj.gov

Dated: August 29, 2023